IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AURIZA VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FILED: JUNE 19 , 2008 |
| v. | ) | No. 08CV3516 |
| | ) | JUDGE ASPEN |
| The CHERRY CORPORATION, | ) | MAGISTRATE JUDGE KEYS |
| in its capacity as Plan Administrator for | ) | |
| the Benefits Plan Pursuant to the Employee, | ) | AEE |
| Retirement Income Security Act, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Auriza Vega, by and through her attorney Barry A. Schultz, of the Law Offices of Barry A. Schultz, P.C. and complains as follows:

1.  This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq*., ("ERISA"), and more particularly § 1133 and supporting regulations, including 29 C.F.R. § 2560-503-1(f).

2.  The court has jurisdiction of this matter under 29 U.S.C. §1132(e).

3.  Plaintiff is currently a resident of the City of Zion, Lake County, State of Illinois, and is an eligible participant in the Cherry Corporation Long Term Disability Benefit Plan, administered by The Hartford Financial Services Group, also known as The Hartford.

4.  Defendant Cherry Corporation is the named Plan Administrator set forth in the Defendant's Plan for Long Term Disability Benefits.

5.  Plaintiff was an employee of Plaintiff was an employee of the Cherry Corporation and

last worked in October 1998. She was granted short term disability benefits until April 1999.

6. Ms. Vega applied for long term disability benefits, which benefits were denied.

7. After exhausting her appeal rights with the Plan Administrator, plaintiff filed a claim for ERISA review in Court, case no. 01 C 6001, N.D. Illinois.

8. Judge Zagel granted plaintiff's motion for summary judgment awarding plaintiff the long term disability benefits.

9. Plaintiff received long term disability benefits until July 18, 2007 when The Hartford sent a letter to plaintiff stating taht she no longer met the definition of Total Disability defined in the Cherry Corporation Plan.

10. Following appeal, on August 14, 2007 The Hartford issued a final decision affirming their decision to terminate plaintiff's long term disability benefits. (See attached Ex. A.) This decision stated that plaintiff had exhausted her administrative remedies under the disability benefits policy.

11. On December 14, 2007, prior to instituting this law firm, plaintiff, through counsel wrote The Hartford requesting a copy of the entire file relied upon by the Defendant in reaching the conclusion to terminate plaintiff's long term disability benefits. The Hartford could not locate the file, and to date has still not sent a copy of the file to plaintiff or her counsel. The Hartford did send a copy of a computer printout of some internal notes taken by The Hartford on plaintiff's claim, and a partial copy of the long term disability Plan. No medical evidence or vocational evidence or reports were included among this information.

12. The Plan Administrator's final decision affirming the initial decision to terminate Ms.

  Vega's long term disability benefits under the Plan was arbitrary and capricious, unsupported by substantial evidence, contrary to law, and in violation of ERISA.

13. No evidence supports the Defendant's decision to terminate benefits, as there is no evidence in plaintiff's file with The Hartford or The Cherry Corporation which would support terminating benefits.

14. The plan administrator's decision to terminate benefits is arbitrary and capricious, and not supported by substantial evidence of record, because the plan administrator did not find any medical improvement in plaintiff's condition, yet terminated her benefits after having previously found her disabled, and after having paid benefits for a substantial period of time on this same medical condition.

15. As the direct and proximate result of Defendant's actions, Plaintiff has lost benefits due under the Defendant's ERISA plan, and Plaintiff will continue to sustain such a loss each month until the benefits are paid in full.

16. As the direct and proximate result of the actions of Defendant, Plaintiff has been caused to incur attorney's fees.

17. As the direct and proximate result of the actions of Defendant plaintiff is entitled to penalties of $100.00 per day since January 14, 2008 (30 days following plaintiff's request for her record) for the failure to send plaintiff or her counsel the requested records. 29 U.S.C. Sec. 1132(c).

WHEREFORE, Plaintiff, Auriza Vega, requests relief against Defendants, Administrative Committee as Plan Administrator for Baxter International, Inc, and The Hartford, as follows:

  1. An order for Defendant to pay to Plaintiff all long term disability benefits accrued and unpaid from July 18, 2007 to the date of the judgment entered

by this Court;

2. An order for Defendant to continue to pay Plaintiff long term disability benefits under the Plan for the months following judgment, unless and until the Defendant issues a proper termination notice, supported in the record;

3. That Plaintiff be awarded attorney's fees and costs of this action and such other relief as this court deems just;

4. That Plaintiff be awarded appropriate pre-judgment interest;

5. That Plaintiff be awarded a civil penalty for each day the Defendant failed to comply with Plaintiff's request to furnish her with the requested records;

Dated: June 17, 2008

s/Barry A. Schultz
Barry A. Schultz
Attorney for Plaintiff

Barry A. Schultz
Law Offices of Barry A. Schultz, P.C.
1609 Sherman Avenue, #205
Evanston, IL 60201
(847) 864-0224

08CV3516
JUDGE ASPEN
MAGISTRATE JUDGE KEYS

AEE

Case 1:08-cv-03516   Document 1-2   Filed 06/19/2008   Page 1 of 3



August 14, 2007

Auriza J. Vega
2400 Matthews Place
Zion, IL 60099

Policy Holder:    The Cherry Corporation
Claimant:         Auriza J. Vega
Policy Number:    83093218

Administered by The Hartford
Underwritten by Continental Casualty Company

Dear Ms. Vega:

We have completed the appeal review regarding your claim for Long Term Disability benefits. Based on the review of all the information currently in file and the policy provisions, we have determined that the Company's decision to terminate benefits was correct.

Appeals also agreed with the content and conclusion brought forward by the 7/18/2007 termination letter, and its contents may not be repeated within our letter. We also found the policy wording for the definition of Total Disability was correctly stated and will not be repeated. Please allow us to explain.

The review of the claim file indicates that your last day worked was 10/19/1998, due to symptoms related to rheumatoid arthritis. LTD benefits were approved from 4/18/1999 through 7/18/2007; however, additional benefits were denied based on the determination that the evidence no longer supported your inability to continuously engage in any occupation for which you are or become qualified by education, training or experience. It was determined that you could at least perform sedentary work.

The information reviewed by appeals included information from Dr. Norberto Martinez, Dr. Daram Reddy, Dr. P.S. Chhabria, Jonna Koenig, Dr. Jaime Aruguete, Rehabilitation Services LLC, and Dr. Joon Kim.

The review of the medical evidence currently in file indicates that you have received medical treatment for multiple conditions throughout the years, including: rheumatoid arthritis, lupus, bilateral knee arthritis, degenerative disc disease of the lumbar spine with herniation, panic disorder, anxiety, insomnia, and GERD. The information indicates that you also had reconstruction surgery performed in your right knee.

MRI results of the lumbar spine from 7/11/2002 revealed a small disc herniation on the left at L2-3, and a slight disc bulge at the L4-5 level.

Benefit Management Services
Maitland Claim Office
P.O. Box 946710
Maitland, FL 32794-6710
Fax (407) 919-6329

2

A neurology consultation performed by Dr. Chhabria on 10/13/2006, revealed a normal physical and neurological examination, without any specific abnormalities or deficits that would be indicative of any specific impairment. Dr. Chhabria rendered the following diagnoses: Restless leg syndrome, lumbar herniation with radiculopathy, anxiety disorder, and GERD. Dr. Chhabria ordered an EMG of the right lower extremity and prescribed Requip for the restless leg syndrome.

Dr. Norberto Martinez, your primary care physician, indicated on 5/18/2007 that you were able to perform full time sedentary work. However, Dr. Reddy (psychiatrist) indicated on 6/27/2007 that you were unable to return to work from a psychiatric standpoint, due to ongoing panic attacks and changes in your medications.

The evidence in file indicates that in order to clarify your functional abilities, restrictions and limitations from a psychiatric standpoint, an independent medical review was performed by Dr. Kelly Clark (psychiatrist) on 7/12/2007. Dr. Clark was able to speak with your psychiatrist, Dr. Reddy, in regards to your psychiatric condition. Dr. Reddy indicated to Dr. Clark, during their conversation, that your medication (Effexor) had been decreased from 150mg to 75mg several months prior to July 2007, because you were doing very well; however, Dr. Reddy also indicated that the dosage had to be increased again due to your reported stress symptoms resulting from your involvement in taking care of your grandchildren. Dr. Reddy indicated that no functional limitations were noted due to a psychiatric illness and that you did not show sings of psychosis or being dangerous. Based on the review of all the medical evidence and the conversation with Dr. Reddy, it was Dr. Clark's opinion that no specific psychiatric limitations were supported that could have affected your performance in a job setting.

No additional evidence was received in regards to your appeal, for us to consider during our review.

Based on the review of all the evidence currently in file, we find that the decision made by the Company was correct and is being upheld. The evidence indicates that your primary physician, Dr. Norberto Martinez, agreed that you could perform full-time sedentary work. Dr. Reddy indicated that your psychiatric condition would not impair your ability to function at work. We are not in disagreement with your treating physicians' opinion in regards to your ability to work. While we understand that your multiple conditions may limit your ability to perform certain functions, the evidence does not support a specific functional impairment that would prevent you from performing any occupation as of 7/19/2007. In conclusion, the evidence currently in file does not support your inability to continuously engage in any occupation for which you are or become qualified by education, training or experience as of 7/19/2007. The 7/18/2007 termination letter provided some examples of alternative occupations that you could perform within the sedentary level of effort. Therefore, you do not meet the definition of Total Disability as of 7/19/2007, and further benefits are not payable according to the policy.

We must abide by the medical evidence provided and the policy provisions. You have exhausted all administrative remedies offered by the appeals process and the file remains closed.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. You may bring a civil action under Section 502(A) of the Employee Retirement Income Security Act of 1974 ("ERISA").

If you have any questions, please call our office at Toll Free (800) 741-4306.

Sincerely,

Juan M. Mendez, Appeal Specialist
The Hartford

Benefit Management Services
Maitland Claim Office
P.O. Box 946710
Maitland, FL 32794-6710
Fax (407) 919-6329